IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMERICAN CRANE &
TRACTOR PARTS, INC.,

      Plaintiff,

vs.                                                    Case No. 07-02324-CM-GLR

REGAL CORPORATION,

      Defendant.

**ORDER**

This matter is before the Court on Plaintiff American Crane & Tractor Parts, Inc.'s Motion to Expedite Discovery (doc. 5). Plaintiff requests that the Court issue an order lifting the stay of discovery pending a Rule 26(f) conference and expediting discovery by requiring Defendant Regal Corporation to respond to any interrogatories, requests for production, and requests for admission propounded by Plaintiff within ten days of service of the discovery request or five days of the Court's order. It states that expedited discovery is necessary to allow it to obtain information to prepare for any hearing on its Motion for Temporary Restraining Order and Preliminary Injunction (doc. 3) and to prohibit Defendant from causing further irreparable harm by misappropriating trade secrets and confidential and proprietary information.

Since Plaintiff filed its Motion for Motion for Temporary Restraining Order and Preliminary Injunction and this Motion to Expedite Discovery, the parties were able to agree to Preliminary Injunction By Consent of All Parties, which District Judge Murguia entered on July 31, 2007 (doc. 7).

Defendant urges the Court to deny the motion because Plaintiff's sole reason for its motion was to prepare for the hearing on its Motion for Temporary Restraining Order and Preliminary Injunction, which was resolved by the parties with the entry of the Preliminary Injunction By Consent of All Parties.   Defendant further argues that it intends to file a motion challenging personal jurisdiction.  Ordering expedited discovery will subject it to the burden of discovery when it may not even be subject to the Court's jurisdiction.

Plaintiff argues in its reply that "[w]hile the original circumstances under which [it] sought expedited discovery may have changed due to [Defendant's] concession to an injunction, expedited discovery is still vitally important for Plaintiff to protect its trade secrets."  Plaintiff seeks expedited discovery to find out how Defendant, a direct competitor, came into possession of its protected trade secrets and what trade secrets Defendant possesses.  It further seeks the identity of customers Defendant has gained access to at its expense and whether Defendant is continuing to contact these customers in violation of the injunction order.   The entry of the injunction order does not completely alleviate Plaintiff's concerns of continuing exposure.  Plaintiff asserts that it is forced to trust a direct competitor's word that it is not impermissibly competing.

Plaintiff also argues that expedited discovery is necessary because defense counsel has represented that he knows how Defendant came into possession of Plaintiff's trade secrets. Specifically, defense counsel has indicated that there may be a "mole" within Plaintiff that provided protected trade secret information that somehow ended up in Defendant's hands.

Federal Rule of Civil Procedure 26(d) governs the timing and sequence of discovery. It provides, in pertinent part, that "[e[xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[1]  The court may, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery.[2]

Upon consideration of the parties' respective arguments, the Court sustains the motion in part and overrules it in part.  The motion is overruled as to the proposed shortening of Defendant's time to respond to Plaintiff's interrogatories, requests for production, and requests for admission.  The motion is sustained to the extent of allowing certain limited discovery to proceed, relevant to any material issues of alleged misappropriation of trade secrets and confidential and proprietary information.  Specifically, Plaintiff may seek expedited discovery with regard to the following topics:  (1) how Defendant came into possession of its protected trade secrets and what trade secrets Defendant possesses; (2) the identity of customers Defendant has gained access to at its expense; and (3) whether Defendant is contacting these customers in violation of the injunction order.

**IT IS THEREFORE ORDERED THAT** Plaintiff American Crane & Tractor Parts, Inc.'s Motion to Expedite Discovery (doc. 5) is sustained in part and overruled in part, as set

---

[1] Fed. R. Civ. P. 26(d).

[2] *See, e.g.*, Fed. R. Civ. P. 26(b)(2) and 26(d).

forth herein.

      Dated this 17th day of September, 2007.

                                      <u>s/Gerald L. Rushfelt</u>
                                      Gerald L. Rushfelt
                                      United States Magistrate Judge