**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **AMERICAN CRANE & TRACTOR PARTS, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **REGAL CORPORATION,** ) <br> ) <br> ) <br> ) <br> **Defendant.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 07-2324-CM** |

## **MEMORANDUM AND ORDER**

Plaintiff American Crane brings this action against defendant Regal Corporation, alleging that defendant hacked into its computer system and accessed plaintiff's confidential proprietary information. Plaintiff asserts the following claims against defendant: (1) misappropriation of trade secrets under the Kansas Uniform Trade Secrets Acts and Unfair Competition; (2) violation of the Computer Fraud and Abuse Act; and (3) conversion. This matter is currently before the court on defendant Regal Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14).

Defendant requests the court to dismiss this case for lack of personal jurisdiction because plaintiff asserts jurisdiction based solely on plaintiff's allegation that defendant hacked into plaintiff's computer system, which defendant denies. In support of its denial, defendant submits the affidavit of Elizabeth Treadwell, defendant's secretary. Ms. Treadwell swears that defendant did not hack into plaintiff's computer system or request others to hack into the system. In response, plaintiff points to evidence that (1) defendant recently mailed advertisements to fictitious names and

addresses that are listed only in plaintiff's computer system and (2) defendant cannot, or will not, explain how it attained these names and addresses.

"Pretrial resolution of jurisdictional questions is not appropriate where 'the jurisdictional issue is dependent upon a question on the merits.'" *Safety Techs., L.C. v. LG Techs., LTEE*, No. 98-2555-JWL, 2000 WL 1585631, at *3 (D. Kan. Oct. 11, 2000) (quoting *FDIC v. Oaklawn Apartments*, 959 F.2d 170 (10th Cir. 1992)). Where the issue of jurisdiction is dependent upon a decision on the merits, "the trial court should determine jurisdiction by proceeding to a decision on the merits" in order to avoid making "a summary decision on the merits without the ordinary incidents of a trial including the right to jury." *Schramm v. Oakes*, 352 F.2d 143, 149 (10th Cir. 1965).

The question of whether the court has personal jurisdiction over defendant requires a determination of whether defendant accessed plaintiff's computer system—which is central to the merits of plaintiff's claims.[1] Furthermore, defendant's conclusory affidavit statements do not demonstrate an absence of disputed questions of fact on the issue. The court will wait until a trial on the merits to determine whether the court has personal jurisdiction over defendant.

**IT IS THEREFORE ORDERED** that defendant Regal Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14) is denied.

---

[1] A ruling on the merits will necessarily determine whether personal jurisdiction is established on this basis, but personal jurisdiction could also be established under other criteria in K.S.A. 60-308(b).

-3-

Dated this 16th day of November 2007, at Kansas City, Kansas.

            **s/ Carlos Murguia**
            **CARLOS MURGUIA**
            **United States District Judge**